IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ELBA E. COLLINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION V-07-3 |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of the Social | § | |
| Security Adiminstration, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court are Plaintiff Elba E. Collins's ("Plaintiff's") Motion for Summary Judgment (Dkt. No. 20) and Defendant Michael J. Astrue's ("the Commissioner's") Motion for Summary Judgment (Dkt. No. 14). After consideration of the motions, the entire record, and the applicable law, the Court finds that Plaintiff's motion should be GRANTED and Defendant's motion should be DENIED.

**Background**

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) to review the decision of the Commissioner denying Plaintiff's application for disability insurance benefits and supplemental security income. Plaintiff is a 61-year-old (Tr. 199) with a high-school education (Tr. 627) and past work experience as a front desk clerk at a motel, a day care provider, an apartment manager, and a transcriptionist at a hospital (Tr. 227).

Plaintiff filed her application for benefits in December, 2002 (Tr. 199), alleging that she was disabled due to arthritis, bipolar disorder, and pancreatitis. (Tr. 205.) Her claims were denied by

the Commissioner and again on reconsideration. She had a hearing before an Administrative Law Judge ("ALJ") on March 1, 2005. (Tr. 624.) The ALJ issued an opinion on March 23, 2005 finding that Plaintiff was not under a disability within the meaning of the Social Security Act. (Tr. 156.)

## Standard

The Court's review of the Commissioner's final decision to deny disability benefits is limited to two issues: whether substantial record evidence supports the decision, and whether proper legal standards were used to evaluate the evidence. *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002).

If the findings of fact contained in the Commissioner's decision are supported by substantial evidence, they are conclusive and this Court must affirm. The widely accepted definition of "substantial evidence" is more than a mere scintilla, but less than a preponderance. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In applying this standard, the court is to review the entire record, but it may not reweigh the evidence, decide the issues de novo, or substitute the court's judgment for the Commissioner's. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Only if no credible evidentiary choices of medical findings exist to support the Commissioner's decision should the court overturn it. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court reviews the legal standards applied by the Commissioner de novo.

To claim entitlement to disability benefits, a claimant must show that she was disabled on or before the last day of her insured status. *Demandre v. Califano*, 591 F.2d 1088 (5th Cir. 1979). The legal standard for determining disability under the Act is whether the claimant is unable "to

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is capable of performing any "substantial gainful activity," the regulations provide that the Commissioner should evaluate disability claims according to the following sequential five-step process:

 (1) a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are;

 (2) a claimant will not be found to be disabled unless she has a "severe impairment;"

 (3) a claimant whose impairment meets or is equivalent to an impairment listed in an Appendix to the regulation will be considered disabled without the need to consider vocational factors;

 (4) a claimant who is capable of performing work she has done in the past must be found "not disabled;" and

 (5) if the claimant is unable to perform her previous work as a result of her impairment, then factors such as age, education, past work experience, and residual functioning capacity must be considered to determine whether she can do other work.

*See* 20 C.F.R. § 404.1520(b)-(f); *see also Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994).

 To be entitled to benefits, a claimant bears the burden of proving that she is unable to engage in substantial gainful activity within the meaning of the Social Security Act. *See Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). The claimant must show that she suffers from a mental or physical impairment that not only renders her unable to perform her previous work, but, given her age, education, and work experience, prevents her from engaging in any other kind of substantial

gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work. *Johnson v. Harris*, 612 F.2d 993, 997 (5th Cir. 1980). However, if the claimant can show that she can no longer perform her previous job, the burden then shifts to the Commissioner to show that there exists some other form of substantial gainful employment that the claimant can perform. *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980). By judicial practice, this translates into the claimant bearing the burden of proof on the first four of the above steps and the Commissioner bearing it on the fifth. *See Brown*, 192 F.3d at 498; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The analysis stops at any point in the five step process upon a finding that the claimant is or is not disabled. *See Greenspan*, 38 F.3d at 236.

**Analysis**

Plaintiff presents four grounds for reversal. The Court will only address the third because that ground requires remand to the ALJ for further analysis.

Plaintiff argues that the ALJ improperly rejected the opinion of Plaintiff's treating physician. The ALJ need not take the treating physician's word as gospel, but can reject it for good cause. *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985). However, "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). That section of the regulations requires consideration of the length, nature, and extent of the relationship between the physician and the patient, the frequency of examination, the extent to which the source's opinion is supportable by the record, the

consistency of the opinion with the record, the specializations of the physicians with competing opinions, and any other relevant factors brought to the Commissioner's attention. 20 C.F.R. § 404.1527(d)(2)-(6).

The ALJ declined to give controlling weight to the treating source's opinion that Plaintiff is disabled. The ALJ stated that those opinions were not well-supported by findings and that they were inconsistent with other substantial evidence. (Tr. 155.) However, the ALJ did not rely on "reliable medical evidence from a treating or examining physician," *Newton*, 209 F.3d at 453, but instead relied on the assessment of Dr. John Durfor, who made his assessment based on a review of the record. Thus, the ALJ was required to engage in the "detailed analysis" of the factors set out in the regulation quoted above, comparing the treating physician's basis for his opinions with that of Dr. Durfor. The ALJ did not engage in such analysis. Thus, the case must be remanded to the ALJ for reexamination of this issue.

## Conclusion

For the reasons stated above, the Commissioner's motion for summary judgment is DENIED and Plaintiff's motion for summary judgment is GRANTED. The decision of the Commissioner is reversed. The case is remanded pursuant to 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

It is so ORDERED.

Signed this 12th day of November, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE